# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHGIAN
# SOUTHERN DIVISION

GARY ASCHIM,

    Plaintiff,

v

SERGEANT JAMES KIESSEL AND
DEPUTY DUANE WRIGHT,
INDIVIDUALLY,

    Defendants.

HON.

FILE NO.

_____/

Blake K. Ringsmuth (P44013)
Thomas J. Wuori (P41096)
RINGSMUTHWUORI PLC
Attorney for Plaintiff
Fifth Third Bank Building
102 West Front Street, Ste. 401
Traverse City, MI 49684
(231) 929-4700
(231) 929-4702 Fax
e-mail: blake@rwinjurylaw.com
e-mail: tom@rwinjurylaw.com
_____/

## COMPLAINT AND JURY DEMAND

*There is a related case pending entitled Kiessel, et al v. Leelanau County Sheriff's Department, et al, filed in the United States District Court, Western District of Michigan under File No. 1:09-cv-00179-JTN.*

NOW COMES Plaintiff, GARY ASCHIM, by and through his counsel, RINGSMUTHWUORI PLC, and for his Complaint against Defendants states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Gary Aschim was at all relevant times a resident of Leelanau County, Michigan.

2. Defendant Sergeant James Kiessel was at all relevant times acting under the color of law as a Leelanau County Sheriff's Deputy and the senior road patrol officer involved in the incident that forms the basis for Plaintiff's Complaint.

3. Defendant Deputy Duane Wright was at all relevant times acting under the color of law as a Leelanau County Sheriff's Deputy and a road patrol officer involved in the incident that forms the basis for Plaintiff's Complaint.

4. Venue is proper in the Western District of Michigan as the events giving rise to this Complaint occurred therein.

5. This case is filed under Title 42 of the United States Code Sec. 1983, and the 4th Amendment of the United States Constitution and the Court has jurisdiction of this action under Title 28 of the United States Code, §1343 and Title 28 of the United States Code, §1331.

## COMMON ALLEGATIONS

6. Paragraphs 1 through 5 are incorporated by reference as if fully restated herein.

7. This case arises from an incident where Plaintiff was illegally arrested at his home on October 11, 2009, allegedly for "obstructing [a] criminal investigation." (Leelanau County Prosecutor Warrant Request form, at **Exhibit A** attached).

8. Plaintiff's alleged "obstruction" was his failure to go inside his home and bring his son out for questioning, at the request of Defendants.

9. Defendants Kiessel and Wright were terminated from their employment on October 30, 2009 for "severe misconduct", in part, arising from the arrest of Plaintiff, on October

11, 2009. **(Exhibit C, p. 133, Exhibit D, pp. 5-6, Exhibit T and Exhibit U, to LC's MSD, Doc #180 – Case No 1:09-cv-00179-JTN)**

10. The underlying incident resulting in Plaintiff's arrest arose from a report of a car being in a ditch along the road. Defendants Kiessel and Wright proceeded to the scene of the "vehicle in the ditch" report. While en route to the scene, they were informed by dispatchers that the alleged driver of the car in the ditch had left the scene when another vehicle picked him up. Defendants believed the driver of the car in the ditch to be the son of Plaintiff.

11. Upon learning this, Defendants Kiessel and Wright decided to proceed directly to the Plaintiff's residence, instead of to the scene of the alleged accident. At no time prior to the events giving rise to this Complaint had Defendants been to the scene where the car was in the ditch, nor had they witnessed anyone driving that vehicle that night.

12. Upon arriving at Plaintiff's residence, Defendant Deputies Kiessel and Wright talked to Plaintiff on the front porch of his home. Eventually they ordered Plaintiff to go inside and retrieve his son so they could question him about the vehicle in the ditch.

13. Plaintiff advised Defendants Kiessel and Wright that he did not think it was a good idea at that time, and declined to get his son for them.

14. Plaintiff never threatened or physically interfered with Defendants' investigation. In fact Both Officers Kiessel and Wright testified that the entire interaction with Mr. Aschim was civil, and that he never cursed, used profanity, or threatened the safety of the officers. **(Exhibit C, p. 165-166 to LC's MSD, Doc #180 – Case No 1:09-cv-00179-JTN).**

15. After Plaintiff's lawful refusal of Defendants' order, Defendants arrested Plaintiff, handcuffed him and put him in the back seat of the police car.

16. Upon Plaintiff's arrest, his wife came outside and asked why her husband had been arrested. Defendants then also threatened Plaintiff's wife with arrest, similar to her husband, unless she produced her son.

17. Under Defendants' coercion, Plaintiff's wife produced their son.

18. Eventually, Plaintiff's son was arrested too, without a warrant.

19. Defendants had not sought nor obtained any warrants for their activity at Plaintiff's home that night, including for the arrest of Plaintiff or his son, or for entry into Plaintiff's home.

20. Defendants did not have the Constitutional authority to enter Plaintiff's home to search for or question Plaintiff's son without a warrant to do so.

21. Defendants did not have the authority to command someone such as Plaintiff to produce his son, when they themselves did not have the authority to do, or otherwise.

22. Sometime after arresting Plaintiff, Defendants sought a warrant for Plaintiff's arrest for "Obstructing Criminal Investigation." (**Exhibit A** attached).

23. Plaintiff's arrest was reported regularly in the media within Plaintiff's community and elsewhere, causing significant embarrassment and anxiety. Moreover, Plaintiff lived in fear of being arrested again and charged while the Prosecutor was deciding whether to authorize the charges sought by Defendants.

24. After review of the reports submitted by Defendants, the Leelanau County Prosecutor refused to issue an arrest warrant for Plaintiff, due to the unconstitutional conduct of the deputies.

25. Defendants Kiessel and Wright violated clearly established law when arresting Plaintiff for failing to produce his son.

26. Prior to the unlawful arrest of Plaintiff, Leelanau County Sheriff Deputies were requested to undergo training on "the need to obtain search warrants" in circumstances similar to this. **(Exhibit B, ACLU Demand Letter, attached)**

## COUNT I

### FOURTH AMENDMENT AND CONSTITUTIONAL VIOLATIONS

27. Paragraphs 1 through 26 are incorporated by reference as if fully restated herein.

28. Before the time of Plaintiff's arrest, it was clearly established law that a police officer could not constitutionally arrest a person for Plaintiff's conduct alleged above.

29. Defendants Kiessel and Wright failed to obtain a search warrant for the premises owned and controlled by the Plaintiff and also failed to obtain a warrant for the arrest of Plaintiff, although they could reasonably have sought one before engaging in their unconstitutional conduct.

30. Defendants had no lawful authority to command Plaintiff to go inside his home to get his son, and Plaintiff was within his rights to decline their order.

31. In violation of clearly established law, Defendants did threaten and forcefully arrest and handcuff Plaintiff for obstruction, and placed him in the back of their patrol car.

32. As a direct and proximate result of the Defendants' deliberate indifference to the known Constitutional rights of Plaintiff, and a clear violation of the Fourth Amendment to the United States Constitution in the performance of their duties and acting as police officers, Plaintiff has suffered the following damages:

   a. Deprivation of liberty;

   b. Diminution of reputation and stature in the community;

   c. Emotional injury;

   d. Deprivation of his sense of security and faith that the very officials sworn to protect and serve will violate his rights at any time for any reason; and,

  c.  The violation of his Constitutional rights.

WHEREFORE, Plaintiff respectfully requests the Court enter Judgment in favor of the Plaintiff pursuant to 42 U.S.C. Sec.1983, and award Plaintiff compensatory damages for economic and noneconomic loss under federal and state law, together with punitive and compensatory damages, interest, costs and attorney fees pursuant to 42 U.S.C. 1988.

Respectfully submitted this 2nd day of October, 2012

            By: /s/ Blake Ringsmuth
               Blake K. Ringsmuth (P44013)
               Thomas J. Wuori (P41096)
               RINGSMUTHWUORI PLC
               Attorney for Plaintiff
               102 W. Front Street, Ste. 401
               Traverse City, MI 49684
               (231) 929-4700
               blake@rwinjurylaw.com
               tom@rwinjurylaw.com

## **JURY DEMAND**

NOW COMES Plaintiff, GARY ASCHIM, by his attorneys, RINGSMUTHWUORI PLC, and hereby demands a trial by jury in connection with the above-entitled cause of action.

Dated: October 2, 2012      By: /s/ Blake Ringsmuth
               Blake K. Ringsmuth (P44013)
               Thomas J. Wuori (P41096)
               RINGSMUTHWUORI PLC
               Attorney for Plaintiff
               102 W. Front Street, Ste. 401
               Traverse City, MI 49684
               (231) 929-4700
               blake@rwinjurylaw.com
               tom@rwinjurylaw.com